FILED by **SA** D.C.
ELECTRONIC

**Jan 4, 2012**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**12-80001-CR-RYSKAMP/HOPKINS**
CASE NO. _____

18 U.S.C. § 1349
18 U.S.C. § 215(a)(1)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

**NAVEEN SADDI,**

    Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Regions Bank was a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation. Regions Bank provided personal and business lines of credit to qualified borrowers.

2. Macario DeGuzman was employed as a private banker at Regions Bank. He was responsible for processing applications for loans and lines of credit from borrowers.

3. Defendant **NAVEEN SADDI** was a former mortgage broker that referred clients to Macario DeGuzman at Regions Bank.

## COUNT 1

### (Conspiracy to Commit Bank Fraud: 18 U.S.C. § 1349)

4. Paragraphs 1 through 3 of the General Allegations section of this Information are realleged and incorporated as though fully set forth herein.

5. From in or about June 2009, through in or about December 2009, at Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**NAVEEN SADDI,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the United States Attorney, to execute, and cause the execution of, a scheme and artifice to defraud a financial institution, that is, Regions Bank, and to obtain any of the moneys, funds, assets and other property owned by and under the custody and control of said financial institution, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1344 and 2.

### PURPOSE OF THE CONSPIRACY

6. It was the purpose and object of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by (a) preparing and submitting to financial institutions false and fraudulent lines of credit applications and financial documents on behalf of borrowers, (b) paying kickbacks to Macario DeGuzman in order to facilitate the processing of the fraudulent lines of credit, and © collecting substantial fees from the borrowers in return for these services and distributing the fees among the defendant and his co-conspirators.

2

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, but were not limited to, the following:

7. Defendant **NAVEEN SADDI**, who was a former mortgage broker, assisted businesses and individuals with obtaining personal and business lines of credit. To induce clients to use his services, **SADDI**. represented that he had connections with numerous bankers who could assist him in getting clients up to $300,000 in lines of credit. To take advantage of his services, the clients were required to pay **SADDI** a fee typically ranging from 10% to 20% of the loan amount, which was either paid up front or after the line of credit was funded by the bank.

8. Many of the clients who sought assistance from **SADDI** lacked the income, credit scores, and/or collateral to qualify for legitimate lines of credit. Notwithstanding this, **SADDI** assured the clients that he could get them lines of credit by manipulating the financial information used in the line of credit applications so that the clients appeared to be qualified, when in fact they were not.

9. **SADDI** utilized the services of other co-conspirator to prepare fraudulent applications in which they falsely reported the client's income and, in many instances, included false and fraudulent financial documents, including false tax returns and false financial statements. The fraudulent application packages were then submitted to local banks, including Regions Bank.

10. **SADDI** had an arrangement with Macario DeGuzman, who would facilitate the processing of the fraudulent line of credit applications. In return, **SADDI** would give DeGuzman a cash kickback for processing the fraudulent line of credit applications.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-7

### (Receipt of a Bribe by a Bank Employee: 18 U.S.C. § 215(a)(1))

11. Paragraphs 1 through 3 of the General Allegations section of this Information are realleged and incorporated as though fully set forth herein.

12. On or about the dates specified as to each count below, in Palm Beach and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**NAVEEN SADDI,**

did knowingly and corruptly give, offer, and promise anything of value in excess of $1,000, to Macario DeGuzman, an officer and employee of Regions Bank, a federally insured financial institution, with the intent to influence and reward such person in connection with any business and transaction with Regions Bank, as more particularly described in each count below:

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 2 | October 23, 2008 | In connection with a $400,000 business line of credit at Regions Bank for borrower D.W., the defendant gave Macario DeGuzman an undisclosed cash payment for processing the loan. |
| 3 | December 19, 2008 | In connection with a $300,000 business line of credit at Regions Bank for borrower D.D., the defendant gave Macario DeGuzman an undisclosed cash payment for processing the loan. |
| 4 | January 16, 2009 | In connection with a $200,000 business line of credit at Regions Bank for borrower B.M., the defendant gave Macario DeGuzman an undisclosed cash payment for processing the loan. |
| 5 | February 26, 2009 | In connection with a $200,000 business line of credit at Regions Bank for borrower N.B., the defendant gave Macario DeGuzman an undisclosed cash payment for processing the loan. |

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 6 | June 9, 2009 | In connection with a $280,000 business line of credit at Regions Bank for borrower A.P., the defendant gave Macario DeGuzman an undisclosed cash payment for processing the loan. |
| 7 | June 30, 2009 | In connection with a $200,000 business line of credit at Regions Bank for borrower D.J., the defendant gave Macario DeGuzman an undisclosed cash payment for processing the loan. |

All in violation of Title 18, United States Code, Section 215(a)(1).

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ROLANDO GARCIA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| NAVEEN SADDI, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| Defendant. _____/ | Superseding Case Information: |

**Court Division**: (Select One)

___ Miami   ___ Key West
___ FTL   _X_ WPB   ___ FTP

New Defendant(s)          Yes ___   No ___
Number of New Defendants      ___
Total number of counts        ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   _No_
   List language and/or dialect   _____

4. This case will take  _4_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                  (Check only one)
   I    0 to 5 days      _X_         Petty      ___
   II   6 to 10 days     ___         Minor      ___
   III  11 to 20 days    ___         Misdem.    ___
   IV   21 to 60 days    ___         Felony     _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)   _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   _No_
   If yes:
   Magistrate Case No.                   _____
   Related Miscellaneous numbers:        _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of   _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   _X_ No

_____
ROLANDO GARCIA
ASSISTANT UNITED STATES ATTORNEY
Court No. 763012

*Penalty Sheet(s) attached                                    REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>NAVEEN SADDI</u>

**Case No:**_____

Count #: 1

<u>Conspiracy to commit bank fraud.</u>

<u>18 U.S.C. § 1349</u>

\* **Max.Penalty**:   Up to 30 years' imprisonment; $1,000,000 fine;
5 years supervised release

Counts #: 2-7

<u>Receipt of a bribe by a bank employee.</u>

<u>18 U.S.C. § 215(a)(1)</u>

\* **Max.Penalty**:   Up to 30 years' imprisonment; $1,000,000 fine as to each count;
5 years supervised release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: NAVEEN SADDI

PERSONAL SURETY - $50,000.00

(Surety) (Recognizance) (Corp. Surety) (Cash) (Jail)
(CSB) (No Bond) (Warrant) (Summons) (Marshal's Custody)

By: _____
AUSA: ROLANDO GARCIA

Last Known Address: _____

What Facility: _____

Agent(s): S/A DAN SZCZEPANSKI, FBI
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)
505 SOUTH FLAGLER DRIVE, SUITE 500
WEST PALM BEACH, FL  33401